

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Kehres v. Kline

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kehres v. Kline" (2005). *2005 Decisions.* Paper 1056.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1056

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1037

_____

DEBRA KEHRES,

Appellant

v.

JEFFREY KLINE; TRI-VALLEY PHARMACY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-06108)
District Judge: Honorable Mary A. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed June 7, 2005)

_____

OPINION

_____

PER CURIAM

Debra Kehres, a pro se litigant, appeals a judgment entered against her after a

bench trial in the United States District Court for the Eastern District of Pennsylvania on

her claims of employment discrimination. Finding no error, we will affirm.

I.

Because the parties are familiar with the relevant facts, we need only discuss them summarily. At all relevant times, Jeffrey Kline owned Tri-Valley Pharmacy ("Tri-Valley"), which consisted of three pharmacy stores in Pennsylvania. On or about July 2, 2001, Tri-Valley hired Kehres, a 56-year old female, as a pharmacist. Kehres worked primarily at the Tremont store, but spent time at all three stores. Kehres testified that about one week after she was hired, she witnessed two other employees engaging in inappropriate physical contact while working at the same pharmacy as Kehres. On February 22, 2002, Kline terminated Kehres' employment, providing two reasons for her discharge: (1) she failed to follow Tri-Valley's "give and owe" policy for partially filling prescriptions when there was an insufficient amount of medication in stock; and (2) she failed to follow proper procedures related to Pennsylvania's PACE prescription benefits program by giving discounted medication to a client who was ineligible for benefits. After Kehres was fired, Forrest Jewel, a sixty-six or sixty-seven-year old male, replaced Kehres as the full-time pharmacist at the Tremont Store, and Gene Fisher, a fifty-four or fifty-five-year old male, replaced Jewel as the full-time pharmacist at another Tri-Valley store.

After properly exhausting administrative remedies, Kehres brought this action alleging sex and age discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq, and the Pennsylvania Human Relations Act

-2-

("PHRA"), 43 Pa. Con. Stat. Ann. § 951 et seq.

The case proceeded to trial on the merits, which was conducted as a Federal Rule of Civil Procedure 52(a) bench trial on a stipulated documentary record. After the trial, the District Court found that Kehres' Title VII claim failed as she did not introduce sufficient evidence to establish that male employees were treated more favorably than she was. The court next found that because Kehres failed to introduce evidence of a causal link between her alleged complaint to Kline about her co-workers behavior at the pharmacy and her termination, her retaliation claim lacks merit. The District Court found that Kehres' ADEA claim lacks merit as her replacement was not sufficiently younger to create an inference of age discrimination. In addition, the District Court rejected Kehres' testimony about the "give and owe" policy, and credited Klines' testimony about this policy as well as Klines' testimony about the impact of failing to follow proper procedures for the PACE prescription benefits program. Thus, the court found that Tri-Valley articulated two legitimate, nondiscriminatory reasons for terminating Kehres. Finally, the District Court found that even if Kehres met her initial burden of establishing a prima facie case of discrimination, she did not persuade the trier of fact that Tri-Valley intentionally discriminated against her. Accordingly, the District Court entered judgment in favor of the defendants on all claims. This appeal followed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In an appeal from a Rule 52(a) bench trial, we exercise plenary review over the District Court's conclusions of law, and

-3-

we review its factual conclusions for clear error.  Koshiba v. Merck & Co., 384 F.3d 58, 64 (3d Cir. 2004).

After a careful review of the record, we discern no error in the District Court's judgment.  Kehres contends that the District Court erred in finding that she was replaced by an older pharmacist.  See Br. at 2, 6.  The record reflects, however, that Jewel, who was sixty-six or sixty-seven-years old, replaced Kehres as the full-time pharmacist at the Tremont Store, and Fisher, who was fifty-four or fifty-five years old, replaced Jewel as the full-time pharmacist at another Tri-Valley store.  Even crediting Kehres' argument that Fisher, and not Jewel, actually replaced Kehres at the Tremont Store, a one to two-year age difference is insufficient to create an inference of age discrimination.  See Gray v. York Newspapers, Inc., 957 F.2d 1070, 1087-88 (3d Cir. 1992).

Kehres also contends that she acted competently and professionally in providing Tri-Valley's client with discounted PACE medication, despite the fact that the client was not eligible for PACE benefits.  See Br. at 3-5.  This contention, however, militates against a finding of sex and age discrimination.  In fact, it supports Tri-Valley's argument that it terminated Kehres for a legitimate, nondiscriminatory reason.

Kehres further contends that the administrative and state-court proceedings for her unemployment claim violated due process.  See Br. at 7-10.  This claim, however, was not raised in her complaint.  Thus, it is not properly before this Court.  See Lloyd v. Hovensa, LLC., 369 F.3d 263, 272-73 (3d Cir. 2004).  In any event, we note that after Kehres filed an unemployment benefits claim, she was given a hearing.  At the hearing,

-4-

she was represented by counsel, testified before a referee, and had the opportunity to present evidence. Kehres' disagreement with the facts found by the referee does not render the process inadequate. In addition, the Unemployment Compensation Board of Review reviewed the referee's decision. Finally, Kehres' claims were subsequently reviewed in state court. Under the circumstances, Kehres was not denied due process. See Mathews v. Eldridge, 424 U.S. 319 (1976).

III.

We have fully considered all of the arguments raised by Kehres on appeal, and find that they lack merit and warrant no further discussion. For the foregoing reasons, we will affirm the District Court's judgment.